IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRE 'EM UP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| TECHNOCARB EQUIPMENT (2004) LTD, et al., | ) No. 10 CV 08050 |
| | ) |
| | ) Judge Charles R. Norgle, Sr. |
| Defendants. | ) |
| | ) |

**RESPONSE TO FIRE 'EM UP'S MOTION TO DISMISS**

Fire 'Em Up ("FEU") has filed a motion to dismiss challenging each and every counterclaim asserted by Technocarb Equipment (2004) Ltd. ("Technocarb") and Aurora Electronics, Ltd. ("Aurora"). FEU's motion to dismiss argues that: (1) the counterclaims fail to allege a breach of contract, (2) the declaratory judgment counterclaims are improper, and (3) that the counterclaims fail to demonstrate that this litigation is an exceptional case. The arguments raised by FEU are either legally incorrect or ignore the allegations contained in the counterclaims, and the motion to dismiss should be denied.

**I.     Standard of Review**

A motion to dismiss attacks only a complaint's legal sufficiency. *Coburn Grp., LLC v. Whitecap Advisors LLC*, No. 07 C 2448, 2009 WL 192479, at *1 (N.D. Ill. Jan. 22, 2009).[1] Its purpose is to allege defects apparent on the face of the pleading, and courts merely look at the sufficiency of the complaint, and do not

---

[1] All unpublished cases cited herein are attached as Exhibit 1.

decide whether the pleader has a winning claim. *Id.* When ruling on a motion to dismiss, courts take the allegations of the complaint as true and draw all reasonable inferences in favor of the pleader. *Federico v. Freedomroads RV, Inc.*, No. 09 CV 2027, 2010 WL 4740181, at *4 (N.D. Ill. Nov. 10, 2010).

## II.     Technocarb and Aurora Plead a Claim for Breach of Contract

Technocarb's breach of contract claim is well pled. In order to challenge Technocarb's counterclaim, FEU ignores both the actual allegations in the counterclaim, and the well-established law on the elements of contract formation. To plead contract formation, a party need only plead "the bare essentials of offer, acceptance, consideration, performance by the plaintiff, and breach by the defendant causing the loss." *Coburn*, 2009 WL 192479, at *2 (quoting *Tibor Mach. Prods. v. Feudenberg-Nok Gen P'ship*, 967 F. Supp. 1006, 1013 (N.D. Ill. 1997)); *see also Federico*, 2010 WL 4740181, at *9. At the pleading stage, Technocarb and Aurora need only allege the existence of a valid contract; they need not *prove* the existence of a valid contract. *Coburn*, 2009 WL 192479, at *2. And the counterclaim properly pleads each of the elements of contract formation, breach and damages, so FEU's motion to dismiss should be denied.

Technocarb and Aurora have properly pled the existence of valid contract:

1. The counterclaim alleges an offer: FEU offered to make Technocarb the exclusive worldwide distributor of FEU's product. (Dkt. 20, Counterclaims, ¶ 30.)

2. The counterclaim also pleads that Technocarb "accepted the FEU offer of an exclusive worldwide distributorship[.]" (Dkt. 20, Counterclaims, ¶ 31.)

2

3. The counterclaim alleges that the consideration for the agreement was Technocarb's continued assistance and work with Jeffrey Bach and FEU in further developing a Propane Injection Control System and Apparatus. (Dkt. 20, Counterclaims, ¶¶ 29-30.) The consideration provided to Technocarb was the future profits from sales of the product. (Dkt. 20, Counterclaims, ¶ 31.)

Thus, the counterclaim pleads offer, acceptance, and consideration — all of the elements of a valid and enforceable contract. *See Federico*, 2010 WL 4740181, at *9-10; *Coburn*, 2009 WL 192479, at *2.

Furthermore, the counterclaim alleges both a breach by FEU and damages. (Dkt. 20, Counterclaims, ¶¶ 34-37.) Finally, Technocarb alleges that it fully performed its obligations pursuant to the agreement. (Dkt. 20, Counterclaims, ¶ 32.)

The contract granted Technocarb the *exclusive right* to sell the product outside of the United States. (Dkt. 20, Counterclaims, ¶ 30.) FEU has breached this agreement by individually marketing and selling the products outside of the United States and by entering into a contract allowing another individual to distribute the product in Canada. (Dkt. 20, Counterclaims, ¶¶ 34-36.) Finally, Technocarb has been damaged by FEU's breach. (Dkt. 20, Counterclaims, ¶ 37.)

Without any citation to authority, FEU argues that the breach of contract claim should be dismissed because the counterclaims do not plead all of the terms of the contract. But at the pleadings stage, Technocarb need only *allege the existence of a valid contract*, not provide a list of all contractual terms. *See Coburn*, 2009 WL 192479, at *2. The counterclaim alleges all of the elements of a claim for breach of

3

contract: offer, acceptance, consideration, performance by Technocarb, breach by FEU, and damages.

FEU's motion has attacked the breach of contract claim on two grounds, arguing that it failed to allege the existence of a valid contract and that it lacks sufficient specificity. FEU is wrong on both points, and FEU's motion to dismiss the breach of contract claim should be denied.

### III. Technocarb and Aurora's Declaratory Judgment Counterclaims are Proper

FEU is wrong as a matter of law. Technocarb and Aurora are free to bring declaratory judgment counterclaims that are similar or even identical to the information in their answer and affirmative defenses.[2] In patent litigation "the alleged infringer may by counterclaim set up the invalidity of the patent and demand a declaratory judgment that the patent is invalid and not infringed, notwithstanding that except for his prayer for relief nothing more is alleged in the counterclaim than is contained in his allegations of defense in the answer." *England v. Deere & Co.*, 158 F. Supp. 904, 905 (S.D. Ill. 1958); *Trico Prods. Corp. v. Anderson Co.*, 147 F.2d 721, 722-23 (7th Cir. 1945).

The Seventh Circuit directly addressed this issue in *Trico Products v. Anderson*. There, the question on appeal was whether the trial court "should have entertained the counterclaim for declaratory judgment … even though it presented merely the issues raised by the original complaint and the answer." *Trico Prods.*,

---

[2] FEU's arguments throughout its motion to dismiss ignore well-established law both in this circuit and from the Federal Circuit. Technocarb and Aurora respectfully request attorneys fees for the preparation of this response to FEU's motion to dismiss pursuant to 28 U.S.C. § 1927.

147 F.2d at 722. The Seventh Circuit held that the trial court erred in dismissing the counterclaim, noting that resolution of the complaint may not adjudicate every aspect of the controversy or give the defendant all of the relief he may be entitled to. *Id.* at 722-23. FEU's argument that Counterclaims I-III should be dismissed because they have been pled as affirmative defenses is without merit.

Furthermore, it is well-settled law that counterclaims asserting declarations of non-infringement and invalidity are proper. The Federal Circuit has stated that a request for judicial determination of non-infringement and invalidity of the patent-in-suit "is a compulsory counterclaim in a suit for infringement of the same patent." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:08 CV 490 TS, 2010 WL 497327, at *8 (N.D. Ind. Feb. 4, 2010) (citing *Polymer Indus. Prods. Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 937-38 (Fed. Cir. 2003)). The Supreme Court has also noted that declaratory judgment counterclaims are proper, and that a "party seeking declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement." *Cardinal Chem Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95-96 (1993); *Altvater v. Freeman*, 319 U.S. 359, 363-64 (1943).

Courts routinely entertain counterclaims for invalidity and non-infringement. *Cardinal Chem.*, 508 U.S. at 95-96 ("[I]t is perfectly clear that the District Court had jurisdiction to entertain [the defendant's] counterclaim for a declaratory judgment of invalidity."); *Altvater*, 319 U.S. at 363 ("[T]he issue of validity may be raised by a counterclaim in an infringement suit."); *Trico Prods.*, 147 F.2d at 722-23

5

(reversing the trial court's dismissal of declaratory judgment counterclaims in a patent suit); *Document Generation Corp. v. Allmeds, Inc.*, No. 07-841-GPM, 2009 WL 2849076, at *2 (S.D. Ill. Sept. 1, 2009) ("[T]he general and long-established rule is that a counterclaim for a judicial declaration of non-infringement or invalidity of a patent asserted in an action for infringement of the patent is capable of independent adjudication. . . ."); *England*, 158 F. Supp. at 905 ("[A] counterclaim for declaratory relief will not be dismissed merely because it repeats matters alleged in the answer as affirmative defenses to the complaint."); *Heartland*, 2010 WL 497327, at * 9 (discussing counterclaims alleging non-infringement, invalidity, unenforceability, and claim for attorneys fees). Technocarb and Aurora's counterclaims for a declaration of non-infringement of the patent-in-suit, Count I, and for a declaration of invalidity of the patent-in-suit, Count II, are proper and Technocarb and Aurora should be allowed to prosecute their counterclaims.

Finally, Count III of the counterclaims seeks a declaration and correction of inventorship. Contrary to FEU's argument, this claim is distinct from Technocarb and Aurora's affirmative defense of inventorship. In the affirmative defense, Technocarb and Aurora assert that the patent-in-suit is invalid because Jeffery Bach is not its inventor. (Dkt. 20, at 16.) The counterclaim for a declaration and correction of inventorship requests a judgment declaring that two individuals, Marvin McKechnie and David Shea, are co-inventors of the patent, pursuant to Section 265 of the Patent Act. (Dkt. 20, ¶¶ 21-25; Dkt. 20, prayer for judgment, at 24.) The counterclaim does not merely restate Technocarb and Aurora's affirmative

6

defense. Instead, it seeks wholly separate relief, and is an independent claim properly brought as a counterclaim. *See* Fed. R. Civ. P. 8, 13.

Counts I-III of Technocarb and Aurora's counterclaims are proper, and FEU's motion to dismiss these claims should be denied.

### IV. Count IV Properly Pleads a Claim for Attorneys Fees and Costs

Citing to just one case involving a motion to amend a final judgment and award attorneys fees, FEU argues that Count IV of Technocarb and Aurora's counterclaims should be dismissed at the pleading stage. Not only is Count IV an appropriate counterclaim, but it is also properly pled.

A claim for attorneys fees in a patent case may be brought as a counterclaim. *See Field Hybrids, LLC v. Toyota Motor Corp.*, No. Civ. 03 4124, 2004 WL 2580747, at *5-6 (D. Minn. Nov. 15, 2004) (denying a motion to dismiss counterclaim for attorneys fees); *Heartland*, 2010 WL 497327, at *9 (allowing counterclaim for attorney's fees based upon 35 USC § 285). FEU's argument that Count IV should not be a counterclaim is wrong.

Factors courts consider when determining whether to award attorneys fees in a patent case include the inequitable conduct during prosecution of a patent, unjustified or vexatious litigation, a frivolous suit, litigation behavior and unprofessional conduct, and any other factors demonstrating that fee shifting will serve as an instrument of justice. *Taltech Ltd. v. Esquel Enter. Ltd.*, 604 F.3d 1324, 1329 (Fed. Cir. 2010); *Am. Standard, Inc. v. York Int'l Corp.*, 244 F. Supp. 2d 990, 996 (W.D. Wis. 2002); *Refac Int'l, Inc. v. IBM Corp.*, 710 F. Supp. 569, 570 (D. N.J.

1989). The counterclaims include allegations that FEU is continuing to prosecute the patent despite knowledge of its invalidity, and that this is both an unjustified and vexatious lawsuit.

The counterclaims allege that FEU has initiated suit against Technocarb and Aurora despite the invalidity of the patent, and despite FEU's knowledge that it was actually Technocarb employees who discovered the subject of the patent-in-suit. Technocarb and Aurora have alleged that it was actually Technocarb employees who designed the patented invention, and that these individuals were excluded from being named as inventors on the patent. (Dkt. 20, ¶¶ 22-24.) FEU knew that Technocarb employees developed the patented invention, and in fact disclosed their design for an alternative fuel system to FEU. (Dkt. 20, ¶¶ 22, 29.) The counterclaims allege that the patent is invalid. (*See* Dkt. 20, ¶¶ 15, 19.) Furthermore, the counterclaims assert that FEU is asserting rights that it does not have, because Bach, the named inventor on the '582 Patent, improperly assigned the patent to FEU. (Dkt. 20, ¶ 25.) Technocarb and Aurora have alleged a pattern of improper behavior, and that FEU is knowingly asserting claims for patent infringement when the patent is invalid, any assignment to FEU is invalid, and against a company whose employees actually created the patented invention. These allegations are sufficient to adequately allege a claim for attorneys fees.

*Baxter International Inc. v. McGaw Inc.*, the only case to which FEU cites to support its argument, is not applicable. The opinion in *Baxter* dealt with a joint motion to amend the final judgment and motion for attorneys fees *after* final

8

judgment had already been entered, and a jury found that the defendant's products did not infringe. *Baxter Int'l Inc. v. McGaw, Inc.*, 958 F. Supp. 1313, 1314, 1319 (N.D. Ill. 1997), *rev'd in part*, 149 F.3d 1321 (Fed. Cir. 1998). Despite the post-trial posture of *Baxter*, FEU argues that because the *Baxter* court found that the case was not exceptional, that Technocarb and Aurora's counterclaim in this case should be dismissed. A motion to dismiss tests the sufficiency of the complaint, not the merits of the case. *Coburn*, 2009 WL 192479, at *1. Technocarb and Aurora are not required to prove their claims at this stage, and the counterclaim sufficiently pleads a cause of action for attorneys fees. *Id.; Field Hybrids*, 2004 WL 2580747, at *5; *Heartland*, 2010 WL 497327, at *9.

## Conclusion

FEU's motion to dismiss is factually and legally flawed. For these reasons and those set forth above, Technocarb and Aurora's counterclaims are properly pled. FEU's motion to dismiss should therefore be denied, and FEU should be ordered to answer the counterclaims forthwith.

**Dated: June 17, 2011**          Respectfully submitted,

                                  TECHNOCARB EQUIPMENT (2004) LTD.,
                                  AND AURORA ELECTRONICS, LTD.

                                  By:   /s/ Anna Z. Krasinski
                                        One of their attorneys

R. David Donoghue
Daniel L. Farris

Anna Z. Krasinski
HOLLAND & KNIGHT LLP
131 S. Dearborn St., 30th Flr.
Chicago, Illinois 60603
(312) 263-3600 (telephone)
(312) 578-6666 (facsimile)

*ATTORNEYS FOR TECHOCARB*
*EQUIPMENT (2004) LTD., AND*
*AURORA ELECTRONICS, LTD*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on **June 17, 2011** the foregoing **Response to Fire 'Em Up's Motion to Dismiss** was filed with Clerk of the Court for the Northern District of Illinois using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registrants.

/s/Anna Z. Krasinski