IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRE EM UP, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10 CV 08050 |
| | ) | |
| TECHNOCARB EQUIPMENT (2004) LTD., et al., | ) | J. NORGLE |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY TO RESPONSE TO FIRE EM UP'S MOTION TO DISMISS**

NOW COMES, the Plaintiff, Fire Em Up, Inc., by and through its attorney Kevin Rogers, to reply to Defendants Response to Fire Em Up's Motion to Dismiss and states as follows:

**I.   TECHNOCARB'S COUNTERCLAIM FOR BREACH OF CONTRACT FAILS TO STATE A CAUSE OF ACTION BY FAILING TO PLEAD FACTS[1]**

By bringing a counterclaim, Technocarb is required to plead more than bare legal conclusions to survive a motion to dismiss. See *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143 (CA 7 Ill. 2010). Technocarb uses the wording of the elements without providing a factual basis. In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007), the Supreme Court held that a complaint stating only "bare legal conclusions," even under notice pleading standards, is not enough to survive a Rule 12(b)(6) motion. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff has the obligation to provide the factual "grounds" of his entitlement to relief (more than "mere labels

---

[1] Defendants, in error, include Aurora in their breach of contract argument despite the fact that their Counterclaim for breach of contract only involves Technocarb.

1

and conclusions"), and a "formulaic recitation of a cause of action's elements will not do." *Id*. The complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Id* at 557; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). See also *Bissessur v. Indiana University Board of Trustees*, 581 F.3d 599 (7th Cir. Ind. 2009).

A general allegation that a contract exists without supporting facts is a legal conclusion which may not be admitted by a motion to dismiss. *Pollack v. Marathon Oil Co.*, 34 Ill. App. 3d 861, 864, 341 N.E.2d 101 (1976). Terms such as "offered, " "accepted," and "breached its contract" suggest mere legal conclusions. *Wait v. First Midwest Bank/Danville*, 142 Ill. App. 3d 703, 491 N.E.2d 795 (1986). While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).

Technocarb alleges only legal conclusions without providing any factual basis. See Docket #20, Counterclaim ¶¶ 28-37. Technocarb fails to provide facts regarding (1) what the alleged offer entailed, (2) how Technocarb accepted the allege offer, (3) what Technocarb's obligations were and how they "fully performed" them, (4) how Fire Em Up, Inc. "refused" them and (5) how they were damaged. The counterclaim is full of legal conclusions and lacking factual allegations, therefore it should be dismissed.

**II.     COUNTERCLAIMANTS' COUNTS I, II & III SHOULD BE DISMISSED**

   **A.     DEFENDANTS' COUNTERCLAIMS ARE MIRROR IMAGES OF THE PLAINTIFF'S COMPLAINT AND SHOULD BE DISMISSED**

District Courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or

affirmative defenses. *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc.*, 2006 WL 3782916 (N.D. Ill. 2006) (citing *Rayman v. Peoples Saving Corp.*, 735 F. Supp. 842, 851-852 (N.D. Ill. 1990); *Green Bay Packaging, Inc. v. Hoganzon & Associates, Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973)). In *Gentieu v. Tony Stone Images/Chicago, Inc.*, 2000 WL 528646 (N.D. Ill. 2000), the court struck the first counterclaim "which seeks a declaration of noninfringement of the self-same copyrights that are the gravamen of the Verified Complaint's claims of copyright infringement. No useful purpose is served by inserting the mirror image of a plaintiff's claim that, if lost, will give the defendant precisely the relief it seeks in its counterclaim." In *Penn Mutual Life Insurance Co. v. GreatBanc Trust Co.*, 2010 WL 4386851 (N.D. Ill. 2010), the court dismissed the counterclaims because they (1) restated the declaration sought by the plaintiff, but from the opposite perspective, (2) mirror *GreatBanc's* affirmative defenses, and (3) raised issues that are not justiciable. Judge Hibbler stated, "counterclaims that mimic affirmative defenses are no less duplicative [than] counterclaims that mirror the plaintiff's request for declaratory relief." *Id*.

Not only are the counterclaims mirror images of the complaint but as stated in Plaintiff's motion to dismiss, they are also alleged as affirmative defenses. Under 35 U.S.C.A. §282, noninfringement, unenforceability of the patent, invalidity of the patent and "any other fact or act made a defense by this title" are defenses and must be plead. "If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so." Fed. R. Civ. Pro. 8(c)(2). Plaintiff seeks a determination by the Court under Fed. R. Civ. Pro. 8(c)(2) as to whether the Court will treat the counterclaims as counterclaims, affirmative defenses or both.

B. **DEFENDANTS DECLARATORY JUDGMENT COUNTERCLAIMS FAIL TO PLEAD SUFFICIENT FACTS**

The Defendants declaratory judgment counterclaims should be dismissed for failure to plead sufficient facts. In *Grid Systems Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991), Tandy alleged "all of these patents are invalid for 'one or more' of the reasons state in the following subparagraphs" but made no effort to link the patents with the defects. The court found these allegations failed to meet the fair notice requirement of Rule 8. In addition, TI alleged that the patents "are invalid because of 'TI's failure to comply with the requirements of 35 USC 101, 102, 103 and 112.' This pleading is radically insufficient. . . .cannot state a claim by pleading the citation. More importantly, conclusory pleading of the statutory language is insufficient to meet the fair notice requirement of Rule 8 in the present context." *Id*. The defendants make the same or similar errors in their counterclaims; see ¶¶ 12, 16, 17, 18, 19, 24.

In addition, the defendants incorporate their affirmative defenses and answers into the counterclaims. See Docket #20, ¶11 and 16. In *Baldi v. Longview Aluminum LLC*, 2003 WL 22295376 (N.D. Ill. 2003), the court dismissed the counterclaims because they "largely incorporate the allegations contained within the answers and affirmative defenses, and this does not meet the higher standard of pleading these offenses with particularity." In *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620 (S.D. N.Y. 2008), Clariti brought counterclaims and affirmative defenses alleging that patents were invalid and/or unenforceable. The *Aspex* court determined that the counterclaims and affirmative defenses failed to meet the minimal requirements of notice pleading under Fed. R. Civ. P. 8(a) because Clariti asserted no facts. *Id*. See also *Takeda Chemical Industries, Ltd. v. Alphapharm Party, Ltd.*, 2004 WL 1872707 (S.D.N.Y.2004)

Accordingly, plaintiffs' motion to strike certain affirmative defenses and dismiss certain counterclaims was granted. *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620 (S.D. N.Y. 2008). Likewise, defendants' counterclaims should be dismissed for failure to state facts or state facts with specificity to provide adequate notice to the plaintiff as to the allegations.

As for Counterclaim Count III, this should also be dismissed for failure to allege sufficient facts and for redundancy of the issues that are incorporated in the affirmative defenses.[2]

### IV. COUNT IV FAILS TO PLEAD A CLAIM FOR ATTORNEY FEES AND COSTS

The defendants/counterplaintiffs have failed to plead their claim for attorneys fees and costs. In *Grid Systems Corp. v. Texas Instruments Inc.*, 771 F. Supp. 1033 (N.D. Cal. 1991), the court determine that a claim cannot be plead with just the citation to a statute. Defendants' counterclaim count four states that this is an exceptional case pursuant to 35 U.S.C. §285 but does not provide any allegations as to how this is an "exceptional" case nor what the statute states. "Section 285 is remedial, not penal, and should be invoked only when vexatious and unjustified litigation is clearly shown." *LaMour, Inc. v. DeMert & Dougherty, Inc.*, 265 F.Supp. 961 (D.C. Ill. 1965) (citing; *Phillips Petroleum Co. v. Esso Standard Oil Co.*, 91 F. Supp. 215 (D.C. Md. 1950)). The defendants/counterplaintiffs bring their counterclaim Count IV based upon legal conclusions (see above arguments) and denials of the plaintiff's complaint without showing more. Therefore, their counterclaim for attorney fees and costs should be dismissed.

### CONCLUSION

For reasons set forth above, Fire Em Up, Inc.'s motion to dismiss the counterclaims

---

[2] Although not raised in Plaintiff's Motion to Dismiss, it is questionable as to whether Technocarb and Aurora have standing to bring a counterclaim for correction of inventors when neither David Shea nor Marvin McKechnie, the alleged co-inventors, are parties to this action.

should be granted. Technocarb and Aurora have not properly pled their counterclaims with factual sufficiency and should be dismissed.

Respectfully Submitted,

s/ Kevin Rogers
Attorney for Fire Em Up, Inc.

Kevin Rogers
Law Office of Kevin Rogers
307 N. Michigan Ave., Suite 305
Chicago, Illinois 60601
Phone: (312) 332-1188
Fax: (312) 332-0192