UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FIRE 'EM UP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   10 C 8050 |
| ) | |
| TECHNOCARB EQUIPMENT (2004) LTD; ) | J. NORGLE |
| DAVID SHEA, individually and as agent of ) | |
| Technocarb Equipment (2004) Ltd.; PETER ) | |
| GORDON, individually and as agent of ) | |
| Technocarb Equipment (2004) Ltd.; ) | |
| INTIGREEN TECHNOLOGIES, INC.; ) | |
| AURORA ELECTRONICS, LTD.; and ) | |
| JEFFREY BUECHLER, individually and as ) | |
| agent of Aurora Electronics, Ltd., ) | |
| ) | |
| Defendants. ) | |

## MOTION TO VOLUNTARILY DISMISS

**NOW COMES** the plaintiff Fire 'Em Up, Inc., by and through its attorney Kevin Rogers, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, moves to dismiss the federal patent claims against the remaining Defendants and in support thereof states as follows:

### INTRODUCTION

The Court is asked today to grant unconditional dismissal of the Plaintiff's cause of action with regard to only the Federal claims with prejudice.

### BACKGROUND

The within is a federal patent infringement claim along with Illinois common law claims whereby the Plaintiff asserts that the Defendants infringed upon: U.S. Patent 7,100,582 B1, (the "'582 patent"). The '582 patent is a propane injector system for internal combustion engines

designed to improve performance and fuel efficiency.

On December 20, 2010, Plaintiff Fire 'Em Up, Inc., filed its eight count complaint alleging breach of contract, patent infringement, trade secret misappropriation, conversion, fraud and accounting. Plaintiff filed an amended complaint with the correct exhibit 1 on December 28, 2010. The Federal cause of action stems from the alleged infringement by the Defendants upon the Plaintiff's '582 patent by the production, distribution and sale of the Techocarb EcoDiesel Fuel Injection System.

## FACTS RELEVANT TO DISMISSAL

On December 20, 2010, Plaintiff filed the within cause of action. On March 16, 2011, named individual Defendants David Shea, Peter Gordon and Jeffrey Buechler were ordered dismissed from the within cause of action pursuant to Rule 41(a)(1)(A)(I).

On April 11, 2011, the defendants filed an Answer, Affirmative Defenses, Counterclaims and Motion to Dismiss Counts V-VIII. See Docket No. 20. The defendants' counterclaim has five causes of action--declaratory relief based upon non-infringement of the patent, declaratory relief based upon invalidity of the patent, declaratory relief and correction of inventorship, a cause of action for attorney fees and costs, and breach of contract. This Court ruled upon Technocarb's motion to strike and dismiss on June 29, 2011, granting same in part and denying same in part. Pending before this Court is the Plaintiff's motion to strike and dismiss the counterclaims which has been briefed but not ruled upon. The parties have engaged in and continue to participate in Initial FRCP 26 Disclosures and Patent Initial Disclosures pursuant to the Local Rules.

During initial disclosures from the Defendants, Plaintiff developed concern with regard to the Defendants disclosure of prior art; particularly *Arseneault*; U.S. Patent 5224457A, (the "'457 patent") (Attached; Pl Ex A) and *Udhe*; U.S Patent 7066155B2 (the "'155 patent") (Attached; Pl Ex B).  While the '457 patent was known both at the time of the filing of the Plaintiff's patent; April 28, 2005, and subsequent issuance of the '582 patent on September 5, 2006, *Udhe* was issued only two and one half (2-1/2) months prior to the issuance of the '582 patent and more than one year after the filing of the original application for the 582 Patent. Plaintiff was unaware of the existence of the *Udhe* '155 patent upon filing the within cause of action.

## DISCUSSION

### STANDARD OF REVIEW — VOLUNTARY DISMISSAL

Rule 41(a)(2) of the Federal Rules of Civil Procedure prohibits a plaintiff from dismissing an action in which an answer has been filed, as is true here, except with court approval "and upon such terms and conditions as the court deems proper." Fed. R.Civ.P. 41(a)(2). The ostensible purpose of the Rule is to protect a defendant from undue prejudice or inconvenience from a plaintiff's voluntary dismissal.  Accordingly, a plaintiffs motion to dismiss voluntarily should be granted unconditionally unless dismissal will inflict clear legal prejudice upon a defendant.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." **Smith v. Lenches**, 263 F.3d 972, 975 (9th Cir.2001).  Unconditional dismissal is inappropriate if a party demonstrates that it will suffer "plain legal prejudice" as a result of the dismissal. See **Agretti v.**

3

*ANR Freight Sys., Inc.*, 982 F.2d 242, 247 (7th Cir.1992). "Plain legal prejudice" may also occur if the dismissal interferes with a party's contract rights or its ability to seek contribution or indemnification or if it strips the party of a legal claim or "the right to present relevant evidence at trial." *Id*. at 247. "Plain legal prejudice is more than the mere prospect of a second lawsuit." *Stern v. Barnett,* 452 F.2d 211, 213 (7th Cir.1971)). It may be demonstrated by several factors, including " '[t]he defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant.' " **Kunz v. DeFelice**, 538 F.3d 667, 677 (7th Cir. 2008) ( *quoting* **Pace v. S. Express Co.***,* 409 F.2d 331, 334 (7th Cir.1969)). Additionally, "plain legal prejudice" may occur if the dismissal interferes with a party's contract rights or its ability to seek contribution or indemnification or if it strips the party of a legal claim or "the right to present relevant evidence at trial." *Angretti*. at 247.

    A.    **The Within Cause Is In The Nascent Stage Of The Proceedings.**

As previously noted, the parties are currently conducting initial disclosures pursuant to FRCP 26 Disclosures and Patent Initial Disclosures in compliance with the applicable Local Rules. Although the parties have filed respective motions to dismiss, Defendants motion was granted in part with the substantive federal claims remaining. Plaintiff's motion to dismiss the counterclaim of the Defendants is still pending and otherwise not been ruled upon by this Court. There are no discovery cut-off dates, no depositions have been conducted, there are no pending dispositive motions nor has this matter been scheduled for trial.

4

      **B.**    <u>**Fire 'Em Up Has Brought A Meritorious Claim.**</u>

Plaintiff has brought a most justiciable claim. If nothing else, this Court need look no further than its Opinion and Order of June 29, 2011 allowing all of the Plaintiff's federal patent claims to proceed See Opinion and Order, Doc. # 41). Notwithstanding, to date, Defendants have offered no pleading or admissible evidence to show that Plaintiff's claim is frivolous.

      **C.**    <u>**Defendants Have No Basis For Other Than Unconditional Dismissal.**</u>

As stated, this cause is by patent/trademark standards in a very early stage of its proceedings. Under a ***Kunz v. DeFelice***, 538 F.3d 667 (7th Cir. 2008) analysis, Defendants are hardly prejudiced by this dismissal.

First, with no pending trial date, Technocarb cannot assert that it has been burdened with effort and/or expense for trial. Furthermore, there is no showing that Fire 'Em Up has exhibited delay or lack of diligence in prosecuting this action.

No summary judgment or other dispositive motions of the Defendants are currently pending before this Court.

The explanation for dismissal is that based of a combined consideration of prior art, to-wit, *Udhe* and *Arseneault* together. Plaintiff has determined that the risk / reward ratio for a possible favorable ruling or other relief without protracted and expensive litigation is minimal. As such, Plaintiff believes it is in its best interest of all of the parties to voluntarily dismiss all of its '582 Patent claims against Defendants with prejudice.

      **D.**    **With Dismissal With Prejudice Of Plaintiff's Patent Claims This Court No Longer Has Jurisdiction Over Defendants' Counterclaims.**

Defendants' counterclaims could not be properly characterized as a "justiciable controversy" after the dismissal of plaintiff's claims with prejudice.

Technocarb asserts the jurisdiction of this Court in its counterclaim pursuant to 28 U.S.C. §§1331, 1338, 2201, and 2202. See Counterclaims, Docket No. 20.

Article III of the United States Constitution restricts federal judicial power to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2. The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "The Declaratory Judgment Act's requirement of 'a case of actual controversy' simply affirms this [Article III] Constitutional requirement, having long been interpreted as referring to any case and controversy that is justiciable under Article III." **Prasco, LLC v. Medicis Pharm. Corp.**, 537 F.3d 1329, 1335 (Fed.Cir.2008). In deciding if the case or controversy requirement is satisfied, a court must decide "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." **MedImmune, Inc. v. Genentech, Inc.**, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). "[A] case or controversy must be based on a real and immediate injury or threat of future injury that is *caused by the defendants*-an objective standard that cannot be met by a purely subjective or speculative fear of future harm." **Prasco**, 537 F.3d at 1339. "[T]he alleged injury at the root of most justiciable declaratory judgment controversies in the patent context is a restraint on the free exploitation of non-infringing goods, or an imminent threat of such

6

restraint." *Id*. In the patent context, "the Supreme Court has affirmed declaratory judgment jurisdiction when the parties had taken adverse positions with regard to their obligations, each side presenting a concrete claim of a specific right prior to the suit." *Id*. (quotation omitted); see also, ***Windsurfing Int'l Inc. v. AMF Inc.***, 828 F.2d 755 (Fed.Cir.1987) (dismissal of a Plaintiff's claims with prejudice divests this court of jurisdiction over defendants' counterclaim)

The sole basis for declaratory judgment and Article III jurisdiction alleged in the Counterclaims is that "an actual, substantial and continuing justiciable case or controversy between the parties regarding infringement of the '582 Patent. (Counterclaim, ¶ 11, Doc. # 20) Plaintiffs filed their Complaint based upon the discovery of the Defendants selling the EcoDiesel system that is alleged to have infringed upon their '582 Patent. See Complaint, ¶ 43, Doc. # 1. Defendant's Counterclaims do not present a case or controversy "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." See, ***MedImmune***, 549 U.S. at 127.

Even if the Court possessed Article III jurisdiction over the Counterclaims, the Court's exercise of that jurisdiction is discretionary. *See id*. at 136 ("The Declaratory Judgment Act provides that a court '*may* declare the rights and other legal relations of any interested party,' not that it *must* do so. This text has long been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.") (quoting 28 U.S.C. § 2201(a)).

It cannot be denied that Fire 'Em Up and Technocarb will presently or in the future be competitors, however, said is not a basis for a requisite"actual or controversy" status. ***Windsurfing*** at 757. The ***Windsurfing*** court concluded that the defendant's status as a competitor of the plaintiff did not "create such an 'actual controversy' effective to create jurisdiction in the district

7

court." *Id.* at 759.

Based upon their bare pleadings before this Court, Defendants counterclaims cannot stand on their own.

### E. The Technocarb Defendants Are Not At This Stage Of The Litigation Prevailing Parties And Entitled To Attorneys Fees

Technocarb can neither show that they were a prevailing party in this cause or, that exceptional circumstances exist for the award of attorneys fees and costs.

A party moving for fees under Title 35 U.S.C. § 285 must demonstrate that it is a "prevailing" party. *See, e.g.,* **Highway Equipment Co., Inc. v. FECO, Ltd.**, 469 F.3d 1027, 1034-35 (Fed.Cir.2006). Technocarb cannot offer a rational basis for an award of attorneys fees at this stage of the litigation or on the basis of prevailing in any claims. The Defendants have clearly not prevailed on their motion to dismiss the Plaintiff's federal patent claims and there have been thus far no findings of facts or conclusions of law that establish they have prevailed or will prevail.

Plaintiff acknowledges that there are exceptions to the general "prevailing party" rule such as a lawsuit be regarded "frivolous" or that a party exhibited inequitable conduct before the Patent Trade Office (**Nilssen v. Osram Sylvania, Inc.**, 528 F.3d 1352, 1358 (Fed.Cir.2008)), but no such claim has been made in Technocarb's answer, affirmative defenses or counterclaim. If such inequitable conduct were alleged, it may be brought post-dismissal. See **Monsanto Co. v. Bayer Bioscience N.V.**, 514 F.3d 1229, 1242 (Fed.Cir.2008) (court retains jurisdiction under § 285 to determine whether there was inequitable conduct in the prosecution of a patent continues even after claims regarding that patent are no longer before the court).

## CONCLUSION

While Plaintiff is confident of its claims against Defendants for patent infringement, its concerns about having to defend the validity of the 582 Patent based upon prior art renders this otherwise most valid claim imprudent especially in light of Arseneault (5224457A) and Udhe (7066155B2). Based upon this development in the case in initial discovery, Plaintiff has decided that the risk / reward ratio for a finding on its behalf weighed against protracted and prohibitively expensive litigation is *de minimus* and otherwise economically unfeasible. As such, Plaintiff believes it is in its best interest to voluntarily dismiss all of its '582 Patent claims against Defendants with prejudice.

**WHEREFORE**, Plaintiff prays this Honorable Court rule as follows:

A. Find that the Plaintiff has brought meritorious federal patent claims;

B. Find that the Defendants will not suffer "plain legal prejudice" or other harm by the Plaintiff's voluntary dismissal of the within federal claims;

C. Find that the Defendants are not prevailing parties in the within cause of action and that there is no basis for other than unconditional dismissal;

D. Rule that this Court after dismissal of the Plaintiff's claims has no jurisdiction over the pending counterclaims; or,

E. Refuse to allow the counterclaims of the Defendants to go forward;

F. Order that the Defendants counterclaims be dismissed;

G. Find that after dismissal of the federal patent claims there remains Illinois common claims;

F.  Rule that this Court will not after dismissal of the federal claims assert supplemental jurisdiction over the remaining Illinois claims; and,

G.  For such other and further relief as this Court deems just and reasonable.

Respectfully submitted,

/s/      Kevin Rogers
Attorney for Plaintiff Fire 'Em Up, Inc.

Kevin Rogers   # 6192609
LAW OFFICES OF KEVIN ROGERS
307 N. Michigan Ave., Ste 305
Chicago, IL  60601
T/F: (312) 332-1188 / 332-0192
email: kevin@KevinRogersLaw.com

10